UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Dennis Wians and Dorothea Wians, | ) |
| | ) |
| Debtors. | ) Case No. 13 B 38149 |
| | ) |
| Kenneth Wians, not in his personal capacity, but as the Independent Administrator of the Estate of Clara Wians, | ) |
| | ) |
| Plaintiff, | ) Adv. No. 14 A 00177 |
| | ) |
| v. | ) |
| | ) |
| Dennis Wians and Dorothea Wians, | ) Hon. Jacqueline P. Cox |
| | ) |
| Defendants. | ) |

Amended Memorandum Opinion

This matter is before the Court on the Motion of Kenneth Wians, not in his personal capacity, but as the Independent Administrator of the Estate of Clara Wians (the "Plaintiff"), for entry of Summary Judgment against Dennis Wians[1] (the "Defendant") on a complaint seeking to except a debt from discharge under 11 U.S.C. § 523(a)(4).

The Plaintiff alleges that he is entitled to summary judgment as a matter of law under the doctrine of collateral estoppel because the issues to be decided herein were resolved in a state court matter which proceeded to judgment, creating the $196,000 debt at issue. For the reasons noted herein, the Motion for Summary Judgment will be granted.

---

[1] On May 21, 2014, this Court entered an order dismissing defendant Dorothea Wians from the adversary complaint without prejudice. *See* Order at dkt. No. 14.

### I. Jurisdiction and Venue

The Court has jurisdiction to adjudicate this matter under 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter involves a core proceeding under 28 U.S.C. § 157(b)(2)(I), determinations as to the dischargeability of particular debts, as to which this court may enter judgment, subject to final review under 28 U.S.C. § 158.

### II. Facts and Background

On September 27, 2013 (the "Petition Date"), Dennis Wians and Dorothea Wians (the "Debtors" or "Defendants") filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code ("Code").

On March 13, 2014, the Plaintiff initiated Adversary Proceeding No. 14-177 against the Defendants pursuant to 11 U.S.C. 523(a)(4) which excepts from discharge debts incurred through fraud or defalcation while acting in a fiduciary capacity (the "Complaint").

The allegations of the Complaint herein closely mirror pleadings filed in a lawsuit in the Circuit Court of the 12th Judicial Circuit, Will County, Illinois alleging that Dennis Wians misappropriated funds while serving as a fiduciary for his mother, the decedent, Clara Wians. On April 4, 2014, the state court entered a $196,000 judgment against the Defendant ("April 4 Order").

On September 8, 2014, the Plaintiff filed this Motion for Summary Judgment ("Motion") under Federal Rule of Civil Procedure 56(a) (made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056). The Plaintiff relies on the doctrine of collateral estoppel, or issue preclusion, asserting that the findings made in the April 4 Order preclude the Defendant from contesting dischargeability herein.

### III. Standards

#### A. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must decide whether, "based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 507 (7th Cir. 2010) (internal citation omitted). "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The court must draw all reasonable inferences in the light most favorable to the non-moving party when resolving a motion for summary judgment. *McKinney v. Cadleway Properties, Inc.* 548 F.3d 496, 499-500 (7th Cir. 2008).

### IV. Discussion

#### A. Uncontested Facts

The following uncontested facts are drawn from the pleadings.

Plaintiff, Kenneth Wians, is the Independent Administrator of the Estate of Clara Wians. *See* Plaintiff's Statement of Uncontested Facts ("SOF"), ¶ 4.

On February 19, 1996, Clara Wians executed a statutory power of attorney for healthcare naming her son, Defendant Dennis Wians, as her agent. SOF, ¶ 7. On February 8, 2011, Clara Wians executed statutory powers of attorney for property and healthcare naming Dennis Wians as her agent. SOF, ¶ 8. Clara Wians passed away on November 1, 2013. Complaint, ¶ 20.

On March 16, 2012, upon discovering that $250,000 in assets belonging to Clara Wians were unaccounted for, the Plaintiff filed the following pleadings in the Circuit Court of the 12th

Judicial Circuit, Will County, Illinois: (1) Petition for Appointment of Guardian; (2) Motion to Appoint Guardian Ad Litem; (3) Petition for Appointment of Temporary Guardian; (4) Petition to Revoke Agencies; and (5) Motion for Preliminary Injunction. The state court case is styled as *In Re the Estate of Clara Wians, A Disabled Person*, Probate Case No. 12 P 230 ("Will County Case"). SOF, ¶ 9; Complaint, Group Exhibit E.

On April 9, 2013, the Plaintiff filed a Citation to Discover and Recover Assets and a Petition to Terminate Powers of Attorney in the Will County Case alleging that the Defendant transferred assets belonging to Clara Wians (who at the time was 91 years old) to himself. SOF, ¶ 12; Complaint, Group Exhibit E, pp. 30-37 of 50.

On June 26, 2013, the Defendant appeared at a citation proceeding in the Will County Case and revealed that he was holding the following bank accounts for Clara Wians: (1) Great Lakes Interest Account; (2) Great Lakes Money Market Account; (3) Chase Plus Savings Account; (4) Hartford Annuity Contract; (5) Federated Portfolio Account; and (6) a Putnam Investment Account. SOF, ¶ 15. The funds in those accounts totaled $4,500. SOF, ¶ 15.

The Debtors' September 27, 2013 bankruptcy filing stayed all matters pending in the Will County Case by virtue of the automatic stay provision of 11 U.S.C. § 362(a).

Schedules filed with the Debtors' Petition for bankruptcy relief did not disclose any of the aforementioned accounts or that any monies were owed to the Estate of Clara Wians. SOF, ¶ 16. The Debtor later amended Schedule F to include Clara Wians as an unsecured creditor holding nonpriority claims in the amount of $29,247.32. *See* Amended Schedule F, Bankruptcy Case No. 13-38149, dkt. no. 18.

On January 14, 2014, this Court entered an order granting Plaintiff relief from the automatic stay to pursue all non-bankruptcy remedies regarding the Estate of Clara Wians, including an investigation into whether the Defendant transferred over $250,000 from the Estate, rather than the $29,247.32 stated in Debtors' Amended Schedule F as owing to Clara Wians. *See* Order Granting Motion for Relief from Stay, Case No. 13-38149, dkt. no. 38.

On February 20, 2014, the Plaintiff filed a Petition for Letters of Administration, initiating a second Will County Case, No. 14 P 122 (styled as *The Estate of Clara Wians, Deceased*), after discovering that the Defendant failed to file a copy of the Original Will of Clara

Wians as required by Illinois law.[2] Complaint, ¶¶ 37-40.

On February 25, 2014, the Plaintiff filed a Petition to Discover and Recover Assets against the Defendant in Will County Case No. 14 P 122 (SOF, ¶ 18), alleging that the Defendant converted $250,000 belonging to Clara Wians and that he was in a "fiduciary relationship with Clara G. Wians because he was named as agent under powers of attorney for property . . . ." Complaint, Exhibit J, pp. 45-50. The state court entered an order Appointing Kenneth Wians Representative of Decedent's Estate and set the matter for hearing on April 3, 2014. SOF, ¶ 18; Complaint, Exhibit J, p. 50.

On March 13, 2014, the Plaintiff filed the above-captioned adversary proceeding, wherein he alleges that the debt owed to the Estate of Clara Wians was caused by the Defendant's acts of defalcation while serving in a fiduciary capacity with respect to his mother's assets.

On April 4, 2014, the state court judge entered an order in Will County Case No. 14 P 122, making detailed findings, including: that Dennis Wians owed Clara Wians an express fiduciary duty, and that he exercised undue influence over her in converting $196,000 from her. The state court entered judgment against the Defendant Dennis Wians in the amount of $196,000. SOF, ¶ 19.

### B. Burden of Proof

In nondischargeability actions, the plaintiff bears the burden of proof and must prove each element by a preponderance of the evidence. *Grogran v. Garner*, 498 U.S. 279, 286-87 (1991). Consistent with the Bankruptcy Code's policy of granting a discharge to all except dishonest

---

[2]The Illinois Probate Act provides, in part:

> Immediately upon the death of the testator any person who has the testator's will in his possession shall file it with the clerk of the court of the proper county and upon failure or refusal to do so, the court on its motion or on the petition of any interested person may issue an attachment and compel the production of the will, subject to the provisions of Section 5.15 of the Secretary of State Act.

*See* 755 ILCS 5/6-(a).

debtors, exceptions to discharge are construed in favor of debtors. *See Matter of Scarlata*, 979 F.2d 521, 524 (7th Cir. 1992) (noting that exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor).

### C. Collateral Estoppel

Collateral estoppel "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Dexia Credit Local v. Rogan*, 629 F. 3d 612, 628 (7th Cir. 2010). Because the order sought to be given preclusive effect was issued by an Illinois state court, Illinois collateral estoppel law governs. *Brokaw v. Weaver*, 305 F.3d 660, 669 (7th Cir. 2002). Under Illinois law, the elements of collateral estoppel are: (1) the issue decided in the prior adjudication must be identical to the issue in the current action; (2) the party against whom the estoppel is asserted must have been a party or in privity with a party to the prior case; and (3) there must have been a final judgment on the merits in the prior action. *Colemichael Invs., LLC v. Burke (In re Burke)*, 398 B.R. 608, 622 (Bankr. N.D. Ill. 2008) (internal citation omitted). "In order for a previous judgment to be conclusive, it must appear clearly and certainly that the identical and precise issue was decided in the previous action." *In re Burke*, at 623; *see also United Nat'l Bank of Marseilles v. Leigh (In re Leigh)*, 165 B.R. 203, 219 (Bankr. N.D. Ill. 1993) (noting that a prior order must contain detailed findings of fact to be given preclusive effect).

The Court must determine whether the issues to be decided herein relative to Plaintiff's § 523(a)(4) claim, are identical to those decided in the April 4 Order entered in state court.

### D. Section 523(a)(4) Claim

Section 523(a)(4) of the Code excepts from discharge debts incurred by fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. 11 U.S.C. § 523(a)(4).

To prevail on a § 523(a)(4) claim, the plaintiff must prove that the debtor (1) committed a fraud or defalcation while acting as a fiduciary; (2) embezzlement; or (3) larceny.

Here, the Plaintiff relies only on the first prong under § 523(a)(4), alleging that the

Defendant committed acts of fraud or defalcation while acting as a fiduciary of Clara Wians.

To establish a claim for defalcation, the plaintiff must establish that (1) the debtor acted as a fiduciary to the creditor at the time the debt was created, and (2) that the debt was caused by fraud or defalcation. *In re Berman*, 629 F.3d 761, 766 (7th Cir. 2011). Fraud for purposes of § 523(a)(4) requires intentional deceit. *In re Bauman*, 461 B.R. 34, 45 (Bankr. N.D. Ill. 2011). "Essential to a finding of nondischargeability under this subsection is a finding that the debtor was acting in a fiduciary capacity at the time the debt arose." *In re Kohler*, 255 B.R. 666, 667 (Bankr. E.D. Pa. 2000).

"[T]o come within the ambit of section 523(a)(4) which concerns formal trusts or trust-like relationships there must be property that could qualify as the res of the trust." *See In re Vaccaro*, Case No. 09 A 476, 2010 WL 4053914, at *4 (Bankr. N.D. Ill. Oct. 14, 2010). The res herein includes the assets entrusted to the Defendant as holder of the power of attorney for property for Clara Wians.

### 1. Fiduciary Relationship

"The existence of a fiduciary relationship under § 523(a)(4) is a matter of federal law." *Berman*, at 767.

A cause of action brought under § 523(a)(4) may be based on a fiduciary relationship other than one arising from an express trust. *In re Hanson*, 432 B.R. 758, 774 (Bankr. N.D. Ill. 2010). "In sum, in order to establish that a debt is non-dischargeable for reason of fraud or defalcation while acting in a fiduciary capacity, the creditor must establish, by a preponderance of the evidence, the existence of an express trust *or* a fiduciary relationship and a debt caused by the debtor's fraud or defalcation." *Hanson*, 432 B.R. 774.

The Seventh Circuit recognizes a fiduciary relationship for § 523(a)(4) purposes as "a difference in knowledge or power between fiduciary and principal which . . . gives the former a position of ascendancy over the latter." *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000) (citing *In re Marchiando*, 13 F.3d 1111, 1116 (7th Cir. 1994)). "[S]ection 523(a)(4) reaches only those fiduciary obligations in which there is substantial inequality in power or knowledge . . . ." *Matter of Woldman*, 92 F.3d 546, 547 (7th Cir. 1996).

2.  **Defalcation**

"'Defalcation'" means 'the misappropriation of funds held in trust for another in any fiduciary capacity and the failure to properly account for such funds.'" *Bauman*, 461 B.R. at 45. "Defalcation has also been defined as 'a failure to account for money or property that has been entrusted to another.'" *In re Hanson,* 432 B.R. 758, 775 (Bankr. N.D. Ill. 2010) (citing *Green v. Pawlinski*, 170 B.R. 380, 389 (Bankr. N.D. Ill. 1994)). The Supreme Court has determined that a finding of defalcation under § 523(a)(4) includes a culpable state of mind requirement involving knowledge of, or reckless conduct. *Bullock v. BankChampaign*, 133 S. Ct. 1754, 1759 (2013).

E.  **The April 4 Order has preclusive effect herein**

The April 4 Order at issue herein was entered by a state court judge following a two-day contested hearing. The Order provides, in relevant part as follows:

[T]his court hereby FINDS as follows:

- A. That Dennis Wians had an express fiduciary duty owed to Clara Wians as a result of the Power of Attorney dated February 19, 1996 and such duties existed prior to the actions complained of in the proceedings herein.
- B. That Dennis Wians had admitted that a fiduciary relationship existed as of March 2011;
- C. That a fiduciary relationship existed as matter of law based on the relationship of the parties in which Dennis Wians was the dominant party to Clara Wians as soon as 2009;
- D. That Clara Wians trusted Dennis Wians.
- E. That Dennis Wians acted as a fiduciary under such Power of Attorney and fiduciary relationship as existed by the conduct of the parties and assumed responsibility in the coordination of the financial affairs of Clara Wians.
- F. That Dennis Wians is the dominant party in the fiduciary relationship between himself and Clara Wians.
- G. That Clara Wians was unable to exercise her own will and direction because of her cognitive decline and the control over her from Dennis Wians.
- H. That the relationship between Dennis Wians and Clara Wians gave

-8-

|     |     |
| --- | --- |
|     | Dennis Wiansa [sic] position of ascendancy over Clara Wians. |
| I.  | That the actions of Dennis Wians constitute undue influence, which stripped Clara Wians of her free will. |
| J.  | That the sum of $196,000.00 was converted and taken by Dennis Wians for his sole benefit or for the benefit of his family. |
| K.  | That such funds were the sole property of Clara Wians and she was entitled to full use of such funds. |
| L.  | That Dennis Wians was able to take control over such funds due to a significant difference in knowledge and power between himself and Clara Wians due to her mental deficiencies from Alzheimer's Dementia. |
| M.  | That Dennis Wians lacked any legal authority to make such transfers for his benefit and has failed to produce any clear and convincing evidence to show that any such transfers were for the benefit of Clara Wians or made at her own free and willing direction. |
| N.  | That the actions of Dennis Wians were deliberate and his [sic] is culpable for the repayment of all such funds. |

The court ORDERS as follows:

1. That Judgment is entered against Dennis Wians and in favor of the Estate of Clara Wians in the Amount of $196,000.
2. That such Judgment shall attach to any property of Dennis Wians, subject to any limitation in the United States District Court case nos. 13 B 38149 and 14 A 00177.
3. That Dennis Wians shall turn over the approximate $5,000 in his possession belonging to Clara Wians to the estate within (7) days.

*See* April 4 Order, Exhibit B to Motion, Adversary Case No. 14-177, dkt. no. 18.

Both parties agree that the second and third elements of collateral estoppel apply herein: the April 4 Order is a final judgment on the merits of the state court matter and that Defendant Dennis Wians, the party against whom estoppel is asserted herein, was a party in the prior litigation. *See* Response to Motion, dkt. no. 22, p. 2

However, the Defendant contends that the issues decided by the state court are not identical to the issues concerning the nondischargeability claim because the April 4 Order did not establish the existence of an express trust. In support, the Defendant asserts, without any supporting authority, that a fiduciary relationship under § 523(a)(4) is limited to express and technical trusts. The Defendant is mistaken.

-9-

The Seventh Circuit has made clear that a fiduciary duty for purposes of § 523(a)(4) also applies in circumstances which, "while not involving trusts in a formal sense, seemed to call for the imposition of the same high standard." *In re Marchiando*, at 1115; *see also In re McDade*, 282 B.R. 650, 658 (Bankr. N.D. Ill. 2002) (recognizing that fiduciary relationships may arise, for nondischargeability purposes, outside of express trusts); *In re Odeh*, 431 B.R. 807, 816 (Bankr. N.D. 2010) (noting that the Seventh Circuit takes a more expansive view of the circumstances that can give rise to fiduciary duties under section 523(a)(4)); *In re Zordan*, Case No. 05 A 01711, 2006 WL 220111, at *10 (Bankr. N.D. Ill. 2006) ("A § 523(a)(4) cause of action can be based on a fiduciary relationship other than one arising from an express trust."); *In re West*, 339 B.R. 557, 567 (Bankr. E.D.N.Y. 2006). Superior status establishing a fiduciary relationship has been found where the creditor is "vulnerable due to advanced age, poor health, and isolation." *Vaccaro*, at *3-4.

For example, in *In re Vaccaro*, a defendant sought to dismiss a § 523(a)(4) claim, alleging that the defendant engaged in acts of defalcation while acting pursuant to a power of attorney for a 75 year-old woman in deteriorating health. The court denied the defendant's motion to dismiss, explaining that "[i]f it is shown, however, that a person appointed under a power of attorney also is in an ascendant position vis-a-vis his principal because the agent has superior knowledge and/or power so that the principal is incapable of monitoring the agent's activities, a fiduciary relationship within the meaning of section 523(a)(4) may be found." *Vaccaro*, at * 3 (citing *In re Marcet*, 352 B.R. 462, 473 (Bankr. N.D. Ill. 2006)).

Likewise, in *In re West*, an elderly couple filed an adversary complaint asserting that a debt arising from a debtor's scheme to swindle them out of their homes was nondischargeable under section 523(a)(4). The court found that the debtor, as power of attorney for the plaintiffs, was acting in a fiduciary capacity within the meaning of the discharge exception and observed that the fiduciary requirement includes relationships in which trust-type relationships are forged under statutory or common law, such as an agency relationship created by a power of attorney. The court further explained:

> [I]n plaintiffs' interactions with West there was a wide gap in "knowledge or power," which gave West a position of ascendancy. The plaintiffs were unsophisticated retirees who sought assistance

>in refinancing their homes. West was a reverend who claimed he could obtain favorable refinancing for the plaintiffs through a program at his church. The plaintiffs clearly reposed a deep confidence in West when they followed his advice and transferred their homes to Mount Moriah. And, once the homes were transferred, the plaintiffs could not monitor West's activities with them. This difference in power and knowledge is what often distinguishes a fiduciary relationship under § 523(a)(4) from one that falls outside its scope.

*West*, at 568.


### F. The April 4 Order contained findings establishing a fiduciary relationship under § 523(a)(4)

Similar to the defendant in the *West* case, the Court determines that relative to the Defendant's status as the holder of a power of attorney for Clara Wians, in light of her diminished mental and physical health, the state court's findings sufficiently establish a fiduciary relationship within the meaning of § 523(a)(4). In particular, the state court judge found that Dennis Wians owed her an express fiduciary duty as a result of the Power of Attorney dated February 19, 1996 (which duties existed prior to the actions complained of) and that by virtue of the relationship, the Defendant assumed responsibility regarding the control and coordination of her financial affairs. The Court notes that although the *West* case was decided under New York law, the Illinois Power of Attorney Act (the "Act") similarly provides that an executed power of attorney creates a principal/agent relationship. *See* 755 ILCS 45/2-1 (2012).[3]

The state court judge also made specific findings that the "[d]efendant was the dominant party in the fiduciary relationship," that "Clara Wians was unable to exercise her own will and

---

[3] Section 45/2-1 of the Act provides:

The General Assembly recognizes that each individual has the right to appoint an agent to make property, financial, personal, and health care decisions for the individual but that this right cannot be fully effective unless the principal may empower the agent to act throughout the principal's lifetime, including periods of disability, and have confidence that third parties will honor the agent's authority at all times.

-11-

direction because of her cognitive decline," that "[t]he relationship between Dennis Wians and Clara Wians gave Dennis Wiansa [sic] position of ascendancy over Clara Wians, and that Dennis Wians was able to take control of over $196,000 of her funds "due to a significant difference in knowledge and power between himself and Clara Wians due to her mental deficiencies from Alzheimer's Dementia." Because of his power and dominance over her, the principal/agent relationship made him a fiduciary. *West*, at 567; *Zachary v. Mills*, 277 Ill. App. 3d 601, 607 (1994). These findings establish that the Defendant acted as a fiduciary to Clara Wians, within the meaning of § 523(a)(4).

### G.  The April 4 Order contained findings establishing that the Defendant committed acts of defalcation within the meaning of § 523(a)(4)

The Court also determines that the findings made in the April 4 Order establish that the Defendant committed acts of defalcation while in a fiduciary relationship with Clara Wians. The state court judge determined that: $196,000 was converted and used by Dennis Wians for his sole benefit or for the benefit of his family; that the Defendant lacked legal authority to make transfers of $196,000 for his benefit and has failed to produce clear and convincing evidence to show that such transfers were for the benefit of Clara Wians or made at her own free and willing direction; that Dennis Wians was able to take control over such funds due to a significant difference in knowledge between himself and Clara Wians due to her mental deficiencies from Alzheimer's Dementia; and that the "actions of Dennis Wians were *deliberate* and his [sic] is culpable for the repayment of all such funds." These findings show that the Defendant committed acts of defalcation when he converted $196,000 during the course of his fiduciary relationship with Clara Wians and that his actions were intentional.

Because the issues required to prove a claim under § 523(a)(4) were adjudicated by the state court earlier this year, when the parties were identical, the issues were identical, and there is a final judgment on the merits in the prior action, the Court determines that collateral estoppel bars the relitigation of those issues herein. The application of collateral estoppel leaves no genuine issues of material fact to be decided.

## V. Conclusion

For the reasons stated above, the Court determines that the findings made in the April 4 Order have preclusive effect herein which entitle the Plaintiff to the entry of summary judgment. Summary judgment will be granted in favor of the Plaintiff, Kenneth Wians, and against the Defendant, Dennis Wians, on the § 523(a)(4) Claim. This amended memorandum opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court's December 12, 2014 Order stands.

Dated: December 17, 2014                    ENTER:

_____
Jacqueline P. Cox
U.S. Bankruptcy Judge